878 F.2d 381
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bill CORNETT, Petitioner,
v.
CORNETT COAL COMPANY, Respondent.
 No. 88-3744.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1989.
 
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Bill Cornett, petitioner, appeals the decision and order of the Benefits Review Board, which denied his claims for benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901-945. The narrow issue joined in this appeal is whether the finding of the administrative law judge (ALJ) that Cornett does not suffer from pneumoconiosis is supported by substantial evidence.
 
 
 2
 The underlying facts in this appeal, as reflected by the administrative record, are not in dispute. The ALJ explicitly noted that Cornett was a credible witness and accepted all of his testimony as true. The claimant was a coal miner within the meaning of Sec. 402(d) of the Act and 20 C.F.R. Sec. 725.202 of the Regulations. The parties stipulate that Cornett had at least 22 1/2 years of qualifying coal mine employment. Cornett Coal Company was his most recent employer for a cumulative period of at least one year, and is the proper responsible operator under Sec. 725.493.
 
 
 3
 The record contains several medical reports, many of which are conflicting as to the presence of pneumoconiosis. In determining that the claimant did not suffer from coal workers' pneumoconiosis, the ALJ gave more weight and credibility to the most recent x-rays in the record because of the alleged progressive nature of the disease process. He also considered the relative qualifications of the physicians in determining the weight to be afforded the conflicting medical opinions. See Bates v. Director, OWCP, 7 BLR 1-113 (1984); Barnes v. Director, OWCP, 7 BLR 1-597, 1-599 (1984). The ALJ noted that Drs. Broudy, Baker, Howell, and Anderson were board-certified in internal medicine with sub-specialties in pulmonary diseases. Based upon the weight of the most recent evidence and the opinions rendered by the most highly qualified physicians, the ALJ determined that the evidence did not establish that Cornett suffered from a respiratory or pulmonary impairment that prevented him from engaging in his employment as a coal miner.
 
 
 4
 The ALJ's findings of fact and conclusions of law must be upheld if they are supported by substantial evidence, are rational, and are consistent with applicable law. O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc., 380 U.S. 359 (1965); 33 U.S.C. Sec. 921(b)(3), as incorporated by 30 U.S.C. Sec. 932(a). In order to establish entitlement to benefits under Part 718, the claimant must prove that he suffers from pneumoconiosis, that the pneumoconiosis arose out of coal mine employment, and that the pneumoconiosis is totally disabling. 20 C.F.R. Secs. 718.3, 718.202, 718.203, 718.204. Failure to establish any of these elements precludes entitlement. Perry v. Director, OWCP, 9 BLR 1-1 (1986).
 
 
 5
 Under Sec. 718.202(a)(1), a finding of the existence of pneumoconiosis may be based upon x-ray evidence. The record contains 18 x-ray films and 53 readings of those films. Of the 18 different x-ray films in the record, the films taken on November 24, 1981, April 5, 1982, April 6, 1982, June 2, 1982, July 2, 1982, July 23, 1982, October 13, 1982, and June 21, 1984 were interpreted by all those who read the films to be either unreadable or negative for the existence of pneumoconiosis. The x-rays taken on November 10, 1981 and September 1, 1983 were interpreted by the more qualified readers to be negative for the existence of pneumoconiosis. The x-ray films taken on December 1, 1981 and June 15, 1982 were interpreted by the better qualified readers to be unreadable. The film taken on June 7, 1982 was interpreted by five physicians who are Board-certified radiologists and "B" readers to be negative for the existence of pneumoconiosis. Only Dr. Brandon interpreted these films to be positive for the existence of pneumoconiosis. Similarly, the x-rays taken on November 6, 1980 and May 5, 1982 were interpreted in contradictory fashions by Drs. Felson and Brandon. Finally, the record includes three positive readings of x-rays taken on January 27, 1982 by Dr. Anderson, February 2, 1982 by Dr. Ballard Wright, and November 10, 1982 by Dr. Robert Penman.
 
 
 6
 We conclude, as did the Benefits Review Board, that the decision of the ALJ is supported by substantial evidence. Since pneumoconiosis is a progressive and irreversible disease, it was reasonable for the ALJ to give more weight to the most recent x-rays. Sanford v. Director, OWCP, 7 BLR 1-541 (1984). The most recent film, taken on June 21, 1984, was interpreted by two qualified physicians to be negative for the existence of pneumoconiosis. This x-ray was taken almost two years after the last x-ray that was interpreted by a reader to show the existence of pneumoconiosis. Based upon the weight of the x-ray evidence and the interpretations by the more highly qualified readers, the ALJ reasonably determined that the x-ray evidence did not establish the presence of pneumoconiosis. The ALJ's findings concerning the alleged respiratory and pulmonary impairments, both as to qualifying FEV values and arterial blood gas tests, similarly are supported by substantial evidence.
 
 
 7
 Accordingly, the decision of the Benefits Review Board affirming the ALJ's denial of benefits is AFFIRMED.